## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Pharmaceutical manufacturers—for example, Company 1 and Company 2—sell their products to wholesale distributors (including Company 3 and Company 4, both of which have warehouse locations in Virginia), which then sell those products to pharmacies. The pharmacies provide the drugs to consumers who have valid prescriptions. Wholesale distributors sell their products to individual pharmacies through the use of delivery drivers. The drivers transport the drugs in individual packs from the distributors to the pharmacies. Defendant **FODAY NABIE** was a driver for wholesale pharmaceutical distributors who worked for Company 5, in Jessup, Maryland.

On October 25, 2019, Confidential Source 1 ("CS1") was working as a pharmacist at Pharmacy 1 when he met **NABIE**. That day, **NABIE** promised CS1 that he could sell CS1 prescription drugs for half price. CS1 asked **NABIE** how he could sell drugs at half price, and **NABIE** told CS1 that he knew a manager at a warehouse. **NABIE** told CS1 that he already had this arrangement in place with Pharmacy 2 in Oxon Hill, Maryland, and Pharmacy 3 in Fairfax, Virginia. **NABIE** stated that he made his normal deliveries to those pharmacies, and returned to the pharmacies later in the day with the excuse that he forgot to deliver one pack of pharmaceutical drugs. This was the pack that contained stolen prescription drugs that **NABIE** sold at half price.

On October 28, 2019, CS1 returned to Pharmacy 1 to meet **NABIE**. **NABIE** told CS1 that in the past, some of the pharmaceutical drugs he obtained were Duexis, Epiduo Forte, and Pennsaid. **NABIE** further told CS1 that he expected to obtain drugs that week, and when he did so he would contact CS1 on his cell phone. **NABIE** added that the two should not talk too much over the phone and instead meet in person.

On October 29, 2019, CS1 and **NABIE** arranged to meet at Pharmacy 4 in Centreville, Virginia. **NABIE** offered a box—which was a sealed case of the prescription drug Eliquis—to CS1. The case contained 24 bottles of Eliquis, where each bottle contained 60 tablets. **NABIE** told CS1 he would give this case to CS1 for $5,000 cash. The wholesale acquisition cost is the price at which drug manufacturers sell their products to wholesale distributors. Based on this cost, the box was worth over $5,000. CS1 later negotiated with **NABIE** to buy the box for $2,500. On November 4, 2019, CS1 made a controlled payment of $2,500 for the box of Eliquis.

**NABIE** sold stolen prescription drugs to CS1 on three other occasions in Virginia. On November 26, 2019, CS1 made a controlled payment to **NABIE** of $3,000 for the case of Oracea and the nine other prescription drugs. On December 12, 2019 meeting, CS1 made a controlled payment to **NABIE** of $2,000 for the box of Epiduo Forte. On January 29, 2020, CS1 made a

controlled payment to **NABIE** of $2,500 for a case of Soolantra. In total, **NABIE** obtained $10,000 in proceeds traceable to **NABIE**'s interstate transportation of stolen property.

After the final controlled payment on January 29, 2020, the FBI executed a search warrant of **NABIE's** person and residence in Maryland. During the execution of the search warrant, FBI recovered approximately $2,500 in U.S. Currency which was derived from proceeds **NABIE** obtained from his offense. **NABIE** was interviewed and during the interview, **NABIE**—who was advised of and waived his *Miranda* rights—admitted that he had taken Soolantra from Company 5's warehouse in Maryland to deliveries he made in Virginia, then back to his house in Maryland to keep them until he sold them to CS1.

SO STIPULATED:

_____
Catherine K. Dick
Jessica Collins
Assistant United States Attorneys

_____
Foday Nabie
Defendant

_____
Joanna Silver, Esq.
Counsel for Defendant